UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 19- |
| | : | |
| v. | : | Mag. No. 19-00076 |
| | : | |
| | : | **UNDER SEAL** |
| | : | |
| **BELINDA McKENZIE,** | : | 18 U.S.C. § 1341 (Mail Fraud). |
| | : | |
| | : | Criminal Forfeiture: |
| Defendant. | : | 18 U.S.C. § 981(a)(1)(C), |
| | : | 28 U.S.C. § 2461(c), and |
| | : | 21 U.S.C. § 853(p). |

## INFORMATION

The United States informs the Court:

### COUNT ONE

**(Mail Fraud)**

### Introduction

At all times material to this Information:

1. The defendant BELINDA McKENZIE ("Defendant McKENZIE")was a Family Support Worker at Catholic Charities for the Archdiocese of Washington ("Catholic Charities"), working in the Emergency Rental Assistance Program ("ERAP"). Catholic Charities was located at 924 G Street, NW, Washington, D.C.

2. ERAP was designed to assist low-income District of Columbia residents facing housing emergencies, such as evictions. Through this program, individuals were able to apply for funding assistance in order to pay their rent arrearages. If they met certain conditions, and the assistance

1

was approved, checks were mailed to the landlord listed on the application to cover the unpaid rent. ERAP was funded by the District of Columbia's Department of Human Services.

3. As a Family Support Worker at Catholic Charities, Defendant McKENZIE's primary duty was to provide assistance to individuals facing eviction. To qualify, the individual must have been in arrears in their payments to their landlords, at risk for eviction, and capable of meeting future rent obligations. Defendant McKENZIE'S responsibilities included interviewing individuals about their financial needs, gathering personal identifying documentation regarding the individuals, collecting rental leases and notarized ledgers listing unpaid rent, and obtaining reference letters concerning the individual's future source of income, among others.

### The Scheme to Defraud

4. From in or about 2015 to in or about 2017 in the District of Columbia and elsewhere, defendant BELINDA McKENZIE with the intent to defraud, devised and willfully participated in, with knowledge of its fraudulent nature, a scheme to defraud and to obtain money and property from the ERAP program at Catholic Charities by materially false and fraudulent pretenses, representations, and promises, as more fully described below:

### Goal of the Scheme to Defraud

5. It was a goal of the scheme to defraud that Defendant McKENZIE obtained ERAP funds from Catholic Charities by submitting fraudulent applications for emergency rental assistance and then sharing the fraudulently obtained proceeds with others involved in the scheme.

### Manner and Means

6. It was a part of the scheme to defraud that Defendant McKENZIE and others recruited family members, neighbors, friends, and others to use their names and information on fraudulent ERAP applications.

7. It was a further part of the scheme to defraud that Defendant McKENZIE generated ERAP applications, on which individuals who had been approached by her or her co-schemers were listed as purported "landlords," with other individuals listed as the purported "tenants." The applications falsely claimed that the "tenants" held lease agreements with the "landlords" and were months behind on rent, when, in truth and in fact, none of the tenants lived with the landlords listed on the fraudulent applications and none owed the landlords money for rent.

8. It was a further part of the scheme to defraud that Defendant McKENZIE and her co-schemers obtained legitimate documentation from the "tenants" and "landlords," such as Social Security cards, identification documents, and property ownership records; in addition, they created false documents such as altered eviction court documents, fictitious notarized ledgers of unpaid rental amounts, fake utility bills, and forged reference letters.

9. It was a further part of the scheme to defraud that Defendant McKENZIE used this documentation, both legitimate and forged, to justify requested ERAP payments for the "landlords."

10. It was a further part of the scheme to defraud that after tricking Catholic Charities into issuing checks to the "landlords," Defendant McKENZIE and her co-schemers instructed the "landlords" to cash or deposit the ERAP checks and relinquish the majority of the funds obtained from the checks.

11. It was a further part of the scheme to defraud that Defendant McKENZIE and others fraudulently obtained 42 ERAP checks, totaling $234,249.00.

### Execution of the Scheme to Defraud

12. On or about May 6, 2015, in the District of Columbia and elsewhere, for the purpose of executing and attempting to execute the above-described scheme to defraud, defendant BELINDA McKENZIE knowingly caused to be placed in a post office and authorized depository for mail matter, to be sent and delivered by the Postal Service according to the direction thereon in the District of Columbia, mail matter, that is an ERAP check in the amount of $5,940.00.

**(Mail Fraud, in violation of Title 18, United States Code, § 1341).**

### FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses alleged in Count One of this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $234,249.00.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p)).**

JESSIE K. LIU

United States Attorney
for the District of Columbia

By: _/s/ Virginia Cheatham_
VIRGINIA CHEATHAM
Assistant United States Attorney
DC Bar # 411980
Virginia.cheatham@usdoj.gov
United States Attorney's Office
Fraud and Public Corruption Section
555 4th Street, N.W., Room 5836
Washington, D.C. 20530
(202) 252-7820